power was utilized, insofar as the motors are concerned, they are not in our opinion essential to the operation of said machines.

With respect to the electrical wiring contained in the imported machines, we do not believe that said wiring or the thermostatic control, both of which did not comply with our electrical standards, were necessary or essential to the operation of the imported machines. Neither do we consider the two heating units (which were merely accommodations for but did not include the heating element), one not being essential in view of the type of paper and adhesives utilized in the United States and the other being normally gas heated in the United States, to be essential to the operation of said machines.

The record is devoid of any evidence relating to the operation of the merchandise described in the invoice covered by protest 61/4506(A), as an automatic connection. It is not clear how this conveyor operates or whether it is considered a part of one or all three of the machines involved in each complete unit or whether it can actually be considered a machine in and of itself. In view of this the protest is overruled insofar as the automatic connection is concerned.

In view of the foregoing, we are of the opinion that said cup body winding machine, horizontal bottom-making press, and automatic cup finishing machine, do not have as an essential feature an electrical element or device but are, in fact, machines and as such properly dutiable at the rate of 11½ per centum ad valorem under the provisions of paragraph 372, as modified. The protests to the extent indicated, *supra*, are, therefore, sustained.

Judgment will be entered accordingly.

BEFORE THE FIRST DIVISION, OCTOBER 15, 1964

No. 68824.—Imported Merchandise Company *v.* United States, protests 63/506–13185, etc. (Chicago).

Opinion by OLIVER, C.J. In accordance with stipulation of counsel that the merchandise consists of rattancore paper plate holders similar in all material respects to those the subject of Abstract 68437, the claim of the plaintiff was sustained.

No. 68825.—Imported Merchandise Company *v.* United States, protests 64/1280–14103, etc. (Chicago).

Opinion by OLIVER, C.J. In accordance with stipulation of counsel that the merchandise consists of rattancore paper plate holders similar in all material respects to those the subject of Abstract 68437, the claim of the plaintiff was sustained.